# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY CUNNINGHAM,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0839**  (BOR Appeal No. 2049388)
(Claim No. 2012010168)

**ENERFAB,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry Cunningham, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Enerfab, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2014, in which the Board affirmed a March 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 20, 2013, decision granting Mr. Cunningham no additional permanent partial disability award and granted him an additional 0.42% permanent partial disability award in addition to a 14.38% permanent partial disability award previously granted for occupationally-induced hearing loss in a prior workers' compensation claim.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] This Court notes that the Board of Review's Order and portions of the Office of Judges' Order erroneously note Mr. Cunningham's prior award as being a 14.32% permanent partial disability award. However, the record clearly indicates that Mr. Cunningham previously received a 14.38% permanent partial disability award for hearing loss.

1

Mr. Cunningham filed an application for workers' compensation benefits on July 22, 2011, alleging that he incurred binaural hearing loss with a whole person impairment rating of 30.68% while operating various pieces of heavy machinery during the course of his employment with Enerfab, and the claim was subsequently held compensable. Mr. Cunningham has undergone periodic screening audiograms beginning at least as early as 1992. On February 25, 2013, Joedy Daristotle, M.D., authored a letter indicating that he reviewed multiple audiograms performed in his office, the most recent of which was performed on June 13, 2012, and opined that Mr. Cunningham sustained 31.98% whole person impairment as a result of binaural hearing impairment and deficits in speech discrimination, as evidenced by the latest audiogram performed by his office. On March 20, 2013, the claims administrator determined that Mr. Cunningham had not incurred an increase in binaural hearing impairment attributable to occupational noise exposure and granted him a 0% permanent partial disability award.

Stephen Wetmore, M.D., evaluated Mr. Cunningham on July 12, 2013. Dr. Wetmore noted that he examined Mr. Cunningham in 1996 and recommended at that time that he receive a 14.38% permanent partial disability award for occupationally-induced hearing loss. He further noted that screening audiograms performed between 1992 and 2012 reveal a progression of hearing loss into the mid and low frequencies. Dr. Wetmore then opined that an audiogram performed as part of his examination on July 12, 2013, revealed 29.6% whole person impairment arising from binaural hearing loss, including 1% whole person impairment for speech recognition impairment. Further, Dr. Wetmore opined that Mr. Cunningham has experienced a multifactorial pattern of hearing loss in which noise exposure alone does not account for the degree of low tone hearing loss experienced in both ears. He then opined that one half of Mr. Cunningham's hearing impairment is attributable to noise exposure, while the other half is attributable to other causes. Dr. Wetmore therefore concluded that Mr. Cunningham sustained a total of 14.8% whole person impairment as a result of occupational noise exposure.

In its Order reversing the March 20, 2013, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that Mr. Cunningham is entitled to an additional 0.42% permanent partial disability award, in addition to the 14.38% permanent partial disability award received in a prior claim, as a result of occupationally-induced hearing loss. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 31, 2014. On appeal Mr. Cunningham asserts that the evidence of record demonstrates that he is entitled to an additional permanent partial disability award consistent with the opinion of Dr. Daristotle, and further asserts that the opinion of Dr. Wetmore is flawed because he did not identify with specificity the non-occupational causes to which he attributes a portion of Mr. Cunningham's hearing loss.

The Office of Judges determined that Dr. Wetmore's audiogram performed on July 12, 2013, complies with the provisions of West Virginia Code of State Rules § 85-20-47.3 (2006) in that it falls within the statutorily mandated test-retest validity of the audiogram attached to Mr. Cunningham's application for workers' compensation benefits, and utilized Dr. Wetmore's report as the basis for determining the amount of Mr. Cunningham's whole person impairment. As was noted by the Office of Judges, Mr. Cunningham's argument that Dr. Wetmore's recommendation is invalid because he failed to identify with specificity a cause of hearing loss

2

aside from noise exposure is contrary to the provisions of West Virginia Code of State Rules § 85-20-47.8 (2006), which provides "[i]f the otologist/otolaryngologist determines that an injured worker's hearing loss is not all noise induced hearing loss, he or she should estimate the true noise induced hearing loss thresholds and explain his or her calculations on the basis of medical and audiological findings." The Office of Judges found that the Rule does not require the evaluating physician to specify with particularity factors causing hearing loss outside of noise exposure, and only requires the evaluating physician to identify the presence of such factors. The Office of Judges further found that Dr. Wetmore complied with the provisions of West Virginia Code of State Rules § 85-20-47.8, in that he adequately explained his conclusion that only 14.8% of Mr. Cunningham's impairment arising from binaural hearing loss is attributable to occupational noise exposure. The Office of Judges then found that because Mr. Cunningham has previously received a 14.38% permanent partial disability award for occupationally-induced hearing loss, the prior award must be deducted from Dr. Wetmore's recommendation of a 14.8% permanent partial disability award, thereby entitling Mr. Cunningham to an additional 0.42% permanent partial disability award. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II